## In the matter of Patrick O'Leary.

*Habeas corpus: Juvenile offenders: Statute construed.* The statute (*Sess. L. 1867, p. 173, § 10*), with reference to the commitment of juvenile offenders to the state reform school, contains a proviso, "That all judgments and commitments rendered and made under this act by police courts and justices of the peace, shall, upon a reviewal by the proper circuit or probate judge, of the proceedings and testimony taken on the trial, be approved, and that if such sentence be disapproved, such police court or justice is hereby authorized to pass sentence as in other cases punished by law." The probate judge of Wayne county approved such a sentence, rendered by the police justice of the city of Detroit, where no testimony was taken in writing on the trial, and the only paper submitted to him for approval of the sentence was the commitment itself:—

*Held,* That this was not a compliance with the statute, and the imprisonment was unlawful. The prisoner held by such a commitment was discharged on *habeas corpus.*

*Heard and decided May 16.*

*Habeas corpus.*

The petition sets forth that O'Leary was imprisoned and restrained of his liberty by the superintendent of the state reform school, at Lansing, Michigan, by virtue of a commitment of the police justice of the city of Detroit, for the offense of simple larceny; that such imprisonment is illegal, because no reviewal of the proceedings and testimony taken on the trial of said O'Leary, in said court, was had by either the circuit judge or the probate judge of the county, in pursuance of the statute.

The commitment was endorsed: "Upon a full examination of the papers filed in the within mentioned cause, I do hereby approve of the action of the police justice, in regard thereto." This endorsement was signed by the probate judge of Wayne county.

On the hearing, it appeared. that O'Leary was tried in said police court without a jury; that no testimony was written down on the trial, and that the only paper submitted to the probate judge, for approval of the sentence of

the police justice, was the commitment by which O'Leary was then held.

*L. D. Godfrey* and *James J. Brown*, for the petitioner.

*Philip J. D. Van Dyke*, prosecuting attorney, *contra*.

THE COURT held that the statute had not been complied with, and that the imprisoment was, therefore, unlawful.

Prisoner discharged.